IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In re Application of<br>MANUEL CAMPUZANO-TREVIÑO,<br>Applicant,<br><br>Pursuant to 28 U.S.C. § 1782<br>For Judicial Assistance in Obtaining<br>Evidence for Use in Foreign International<br>Proceedings. | Civil Case No. SAG-22-00365 |

## MEMORANDUM OPINION

Manuel Campuzano-Treviño (hereinafter referred to as "Campuzano" or "Applicant") submitted to this Court an application pursuant to 28 U.S.C. § 1782 ("Application") directing Laureate Education, Inc. ("Laureate") to produce documents and provide testimony for use in pending and prospective litigation in Mexico, ECF 1. The Court granted Campuzano's Application in a paperless order, ECF 2. Laureate has now filed a Motion to Quash the § 1782 subpoena, ECF 7 ("Motion").[1] The issues have been fully briefed, ECF 7-1, ECF 10, ECF 11, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons stated below, Laureate's Motion will be granted.

---

[1] Also pending is Campuzano's Consent Motion to Extend Time, ECF 9. This case was not assigned to this Court until after Laureate filed its Motion and Campuzano filed his brief in opposition, in accordance with the parties' requested extended timelines. The Court will accordingly deny the consent motion as moot, ECF 9, but notes that all briefings related to the Motion have been duly reviewed and considered.

1

I.    **FACTUAL AND PROCEDURAL BACKGROUND**

Campuzano is a "a Mexican national and resident who has worked for decades in the Mexican education system." ECF 1-1 at 1. From approximately 2008 until 2018, Campuzano served as the Chief Executive Officer ("CEO") and President of the Universidad Tecnológica de México, S.C. ("UNITEC"), a Mexican university. *Id.* at 1-2. UNITEC is wholly owned by Laureate, a holding company for subsidiaries operating universities in Peru and Mexico. ECF 7-1 at 2. Laureate is a "publicly-traded Delaware corporation with a principal place of business in Miami, Florida, formerly in Baltimore, Maryland." *Id.*

Campuzano's employment with UNITEC concluded in January, 2018.[2] In March, 2018, Campuzano filed a lawsuit in Mexico against UNITEC and Laureate, alleging wrongful termination in violation of Mexican employment law ("Employment Suit"). ECF 1-1 at 2. As part of the Employment Suit, Campuzano sought and obtained a prejudgment attachment order against UNITEC assets valued at nearly $11 million. *Id.* at 7; ECF 7-2 ¶ 7 (Pereda Decl.). Since obtaining this order, Campuzano "has not identified any other attachable assets and has only been able to attach the defendants' Mexican trademarks and brand names (*avisos comerciales*)." ECF 1-1 at 7. Campuzano asserts that he "has a well-grounded fear that he will be unable to collect on a judgment against the defendants," which is exacerbated by alleged media reports regarding a "government investigation into Laureate's Mexican operation for fraudulent transfer of its revenues and efforts to evade taxes." ECF 7-1 at 7. On February 4, 2022, the Mexican court dismissed Laureate from the Employment Suit, ECF 11 at 2 n.2; Campuzano's claims against UNITEC remain pending. *Id.*

---

[2] The parties contest whether Campuzano was terminated, ECF 1-1 at 2, or resigned, ECF 7-1 at 2. The dispute is not material to Laureate's Motion, nor is its resolution within the purview of this Court.

On June 19, 2019, UNITEC filed a criminal complaint with the Mexico City Attorney General's Office, "seeking a criminal investigation against Mr. Campuzano and his two sons and two daughters for allegedly establishing a company in 2017 that would offer educational services." ECF 1-1 at 8.  Laureate contends that UNITEC filed the criminal referral after learning that Campuzano converted its intellectual property to start a competitor-business in violation of his employment agreement.  ECF 7-2 ¶¶ 9-10 (Pereda Decl.).  Campuzano and Laureate dispute the current status of the criminal investigation.  *Compare* ECF 1-1 at 8 ("the [Mexico City Attorney General's] Office closed the investigation as frivolous and baseless") *with* ECF 7-2 ¶ 10  (Pereda Decl.) ("The criminal investigation remains ongoing and Mexico City authorities continue to probe into Applicant's finances").

On November 29, 2021, Campuzano filed the Application seeking documents and testimony from Laureate regarding: (i) his prior employment by UNITEC, including his job performance, compensation, and termination, ECF 10-1 (Ex. 1, Subpoena) at Dep. Topics Nos. 1-3, Doc. Req. Nos. 2-4; (ii) UNITEC's criminal referral made against him and his children, *id.* at Dep. Topic No. 2, Doc. Req. No. 5; and (iii) Laureate's and UNITEC's assets, including the existence and value of all assets located in Mexico within the past five years, and any transfers or attempted transfers of Laureate or UNITEC assets in Mexico, *id.* at Dep. Topics Nos. 5-6; Doc. Req. Nos. 6-7.  Campuzano identified three pending or prospective proceedings for which the sought-after discovery would be used.  First, Campuzano claims that the discovery will be used in his Employment Suit, both to execute his prejudgment attachment order and to assist the resolution of the dispute on the merits.  ECF 1-1 at 8.  Second, Campuzano alleges that he will use the discovery in his prospective claim against UNITEC for *dano moral*—a Mexican cause of action akin to intentional or negligent infliction of emotional distress—seeking redress for the allegedly

3

frivolous criminal referral against him. *Id.* at 10 n.4. Third, Campuzano plans to use the discovery in furtherance of his potential claims against UNITEC and related entities for fraudulent transfer of assets. *Id.* at 3-4. On November 29, 2021, the Honorable Judge Bennett entered a paperless order granting Campuzano's Motion for Issuance of Letters Rogatory, ECF 2. Laureate now seeks to quash the subpoena ("Subpoena") issued pursuant to such order, ECF 7.

## II. LEGAL STANDARDS

Laureate argues that the Subpoena should be quashed under Federal Rules of Procedure 26 or 45 for failure to satisfy the statutory or discretionary factors required of an application for discovery pursuant to 28 U.S.C. § 1782(a). A district court enjoys wide discretion in responding to requests pursuant to § 1782. *Al Fayed v. United States*, 210 F.3d 421, 424 (4th Cir. 2000). "In exercising its discretion under § 1782, the district court should be guided by the statute's twin aims of providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." *Id*. at 424 (internal quotations and citation omitted). Following the issuance of a subpoena pursuant to § 1782, discovery proceeds in the manner governed by the Federal Rules of Civil Procedure. *See* § 1782(a) ("To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure."); *see also Gov't of Ghana v. ProEnergy Servs., LLC*, 677 F.3d 340, 343 (8th Cir. 2012) ("[Section] 1782 . . . provides for a threshold determination of whether to allow foreign litigants to enjoy discovery in U.S. courts in accordance with federal rules. The manner in which discovery proceeds will be determined by normal discovery rules.") (citations omitted).

"[T]he scope of discovery allowed under a subpoena is the same as the scope of discovery allowed under Rule 26." *Singletary v. Sterling Transport Co., Inc.*, 289 F.R.D. 237, 240-41 (E.D. Va. 2012) (citations omitted) (citing *Cook v. Howard*, 484 Fed. Appx. 805, 812 (4th Cir. 2012) (per curiam)). Accordingly, regardless of whether the Court considers Laureate's Motion under Rule 45 or Rule 26, the Court must still analyze the subpoena under the relevancy standards enumerated in Rule 26(b). *Id.* Pursuant to Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . .". Rule 26 further permits courts to limit discovery where the information "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2). Rule 45, likewise, requires courts to quash or modify a subpoena that "fails to allow a reasonable time to comply"; "requires a person to comply beyond the geographical limits specified in Rule 45(c)"; "requires disclosure of privileged or other protected matter . . ."; or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). Whether a subpoena poses an undue burden is a question of reasonableness, which considers "whether the information is necessary and whether it is available from any other source." *In re Polymer Sols. Int'l, Inc.*, 2019 WL 1239778, at *9 (D. Md. Mar. 18, 2019) (quoting Charles Alan Wright & Arthur R. Miller et al., 9A Fed. Prac. & Proc. Civ. § 2463.1 (3d ed. 2018)). As the moving party, Laureate bears the burden of showing that the challenged subpoena is unduly burdensome. *See Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 n.2 (4th Cir. 2019); *Fleet Bus. Credit, LLC v. Solarcom, LLC*, 2005 WL 1025799, at *1 (D. Md. May 2, 2005).

### III. DISCUSSION

#### A. Section 1782(a)

Section 1782(a) authorizes federal courts "to provide judicial assistance to foreign or international tribunals or to 'interested person[s]' in proceedings abroad." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). "In determining whether to grant judicial assistance under § 1782, a court considers (1) whether it may grant relief under the statute, and (2) whether it should grant relief under the discretionary factors set forth by the Supreme Court in *Intel*[, 542 U.S. at 247]." *In re Newbrook Shipping Corp.*, 498 F. Supp. 3d 807, 816 (D. Md. 2020). This Court will address both the statutory and discretionary considerations below.

##### i. Statutory Requirements

Section 1782(a) requires that: (1) the person from whom the discovery is sought resides or is found in the district of the district court to which application is made; (2) the application is made by a foreign or international tribunal or "any interested person" and; (3) the discovery is for use in a pending or reasonably contemplated proceeding before a foreign tribunal. 28 U.S.C. § 1782(a). In its Motion, Laureate argues that the Subpoena does not satisfy the third statutory requirement for two main reasons. First, Laureate claims that § 1782(a) does not authorize discovery for purposes of enforcing Campuzano's prejudgment attachment order. Second, Laureate asserts that Campuzano's prospective claims for *dano moral* and fraudulent transfer are not reasonably contemplated. This Court finds both arguments persuasive as applied to portions of the Subpoena requesting information for use in Campuzano's prejudgment attachment efforts and his prospective claims.

Before addressing the merits of Laureate's argument, this Court pauses to note its inherent limits. Laureate posits that § 1782 does not authorize Campuzano's discovery for use in

speculative or non-adjudicative proceedings; it does not, and could not, argue that Campuzano is not statutorily authorized to seek discovery for use in the merits of his pending Employment Suit. Laureate's attacks on the sufficiency of the Subpoena, therefore, do not extend to those portions requesting information that is plainly pertinent to claims in the pending Employment Suit. *See* ECF 10-1 (Ex. 1, Subpoena) at Dep. Topics Nos. 1-3, Doc. Req. Nos. 2-4 (seeking evidence regarding Campuzano's job performance during his employment at UNITEC, termination from UNITEC, and his salaries, stock, benefits and bonuses earned and accrued at UNITEC). Laureate does not dispute that those requests self-evidently seek information regarding the merits of the Employment Suit pending in Mexican court. This Court accordingly concludes that deposition topic numbers one, two, and three, and document request numbers two, three, and four satisfy the statutory requirements enumerated in § 1782(a).

Turning to its first argument, Laureate contends that § 1782(a) does not authorize discovery where the evidence is sought solely for the purpose of locating assets for Campuzano's hypothetical judgment, should he eventually prevail in his Employment Suit. This Court agrees. Section 1782(a) is not limited to uses in actions that are pending, or even those that are judicial in nature. *Intel*, 542 U.S. at 258 ("In 1964, when Congress eliminated the requirement that a proceeding be 'judicial,' Congress also deleted the requirement that a proceeding be 'pending.'"). It does, however, require that the requested discovery be for use in proceedings that are adjudicative. *See id.* Consistent with this principle, courts in the Second Circuit—while not observing a categorical prohibition on § 1782(a) in service of foreign attachment proceedings—generally deny requests for discovery where the information sought would have no effect on the resolution of the merits of a claim. *Union Fenosa Gas, S.A. v. Depository Tr. Co.*, 2020 WL 2793055, at *4 (S.D.N.Y. May 29, 2020); *see also In re Al-Attabi*, 2021 WL 4027021, at *2

(S.D.N.Y. Sept. 3, 2021) (collecting cases). Although not binding on this Court, the Second Circuit's caselaw provides a helpful analytical framework which leads this Court to conclude that § 1782(a) may not be used in furtherance of Campuzano's prejudgment attachment proceedings. Campuzano concedes that he has already obtained a prejudgment attachment order in his Employment Suit; discovery into Laureate's assets would solely be used to identify "the existence of any remaining Mexican assets, so that Mr. Campuzano can attach them in his employment claim." ECF 1-1 at 4. Unlike the cases Campuzano cites in his support, there is no indication that this discovery—in addition to aiding his prejudgment attachment—could be employed with some advantage, or would otherwise have an effect on the resolution of the merits of the Employment Suit. *See In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 132 (2d Cir. 2017); *see* ECF 10 at 6 (citing *In re Batbold*, 2021 WL 4596536, at *3 (S.D.N.Y. Oct. 6, 2021); *In re Al-Attabi*, 2021 WL 4027021, at *2; *Union Fenosa*, 2020 WL 2793055, at *4; *In re Arida, LLC*, 2020 WL 7496355, at *3 (S.D.N.Y. Dec. 21, 2020). Under these circumstances, this Court cannot conclude that the discovery into Laureate's assets is for use in a pending adjudicative proceeding. *See Intel*, 542 U.S. at 258. As such, to the extent that discovery requests in the Subpoena would be used solely for prejudgment attachment proceedings, they fall outside the ambit of § 1782.

Next, this Court concludes that Campuzano's prospective *dano moral* and fraudulent transfer claims are not proceedings within reasonable contemplation. A proceeding need not be pending or imminent to satisfy the statutory threshold under § 1782(a). *Intel*, 542 U.S. at 258-59. Courts do, however, "require[] that such proceedings are 'more than speculative,' meaning that there are 'reliable indications of the likelihood that proceedings will be instituted within a reasonable time.'" *In re Newbrook*, 498 F. Supp. at 816 (quoting *Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1270 (11th Cir. 2014)).

8

At this stage, there are no such reliable indications. Campuzano's contemplated fraudulent transfer claim appears to be based wholly on unspecified media disclosures and only tenuously related to any alleged injury suffered by Campuzano. *See* ECF 1-4 ¶¶ 14-15 (Ex. B, Campuzano Decl.) ("In late 2020, the Mexican media reported that Laureate's Mexican operations were under investigation for tax evasion . . . [This] exacerbates my concern that I will be unable to collect on a judgment against UNITEC and related entities in Mexico."). In his declaration, Campuzano offers no concrete timeline for the projected filing of his claim, nor does he suggest that he has developed a theory of liability that he expects to substantiate with information garnered through his requested discovery. *See* ECF 1-4 (Ex. B, Campuzano Decl.). Rather, Campuzano concededly seeks discovery because he "needs to investigate Laureate's dissipation and transfer of its Mexican assets and revenues to potentially file claims for fraudulent transfer in Mexico against UNITEC and related entities." ECF 1-1 at 3; *see also* ECF 10 at 1 ("The information sought in the Subpoena will show what assets have been transferred, whether there was consideration for them (or whether other badges of fraud are present)." ECF 10 at 11. Section 1782(a), however, is not a tool to the explore the viability of a potential claim, but rather to aid in discovery of one that is already reasonably contemplated. Campuzano's speculative "fraudulent transfer" claim, therefore does not satisfy the statutory requirement of a foreign proceeding.

Campuzano's prospective claim for *dano moral* is similarly conjectural. Campuzano's Application points to a single sentence in his declaration as proof that his claim is reasonably contemplated. *See* ECF 1-4 ¶ 17 (Ex. B, Campuzano Decl.) ("I will file a lawsuit against UNITEC for *dano moral*."). In his brief in opposition to Laureate's Motion, Campuzano also posits a threadbare recitation of his theory of the case. ECF 10 at 9 ("[Campuzano's] legal theory is "is clear and straightforward: UNITEC retaliated against him for filing his employment lawsuit by

9

frivolously asserting a criminal complaint against him and his children, causing him moral damage under Mexican law."). Campuzano's sparse showing does not provide sufficient indicia that proceedings will be instituted within a reasonable time. For instance, Campuzano provides no insight into what information he expects to obtain through his discovery, or how such information will assist the prosecution of his prospective case. *Contra In re Letter of Request from Crown Prosecution Serv. of United Kingdom*, 870 F.2d 686, 691 (D.C. Cir. 1989) (applicant showed that proceedings were reasonably contemplated where he "set forth the documents he desired, the information he expected to find, and the reason he would use the documents in the eventual proceeding," and had "requested the production of documents in a particular form to ensure their admissibility in the future criminal proceeding." (quoting *In re Request for Assistance from Ministry of Legal Affairs of Trinidad & Tobago*, 848 F.2d 1151, 1155 (11th Cir. 1988)). Nor did Campuzano substantiate his prospective claim through descriptions of his ongoing investigative or preparatory efforts, or explanations of his alleged right to recovery. *Contra Consorcio*, 747 F.3d at 1270 (applicant proved that proceedings were reasonably contemplated by documenting its extensive internal audit, providing detailed explanation of its ongoing investigation, and describing intent to commence civil action under specified legal theory). Simply put, Campuzano's declaration of intent and cursory description of his theory of the case does not assure this Court that a proceeding is likely to occur.

Insofar as Campuzano seeks information to prosecute his claim in the Employment Suit, the Subpoena complies with the statutory requirements of § 1782. By contrast, requests for information regarding UNITEC's criminal referral against Campuzano, Laureate's and UNITEC's assets in Mexico, and Laureate's and UNITEC's asset transfers, fall outside the scope of § 1782(a) because they will not be used to adjudicate a pending or reasonably contemplated proceeding in a

foreign tribunal. Laureate's Motion to Quash the Subpoena will accordingly be granted as to deposition topics numbers four, five, and six, and document requests numbers five, six, and seven. *See* ECF 10-1 (Ex. 1, Subpoena).

### ii. Discretionary Considerations

This Court's conclusion that portions of the Subpoena comply with the statutory requirements of § 1782(a) does not end the inquiry. Upon a threshold determination that the requisite statutory standards for § 1782(a) are met, courts must exercise discretion to determine whether to grant an application in light of four factors: "(1) whether 'the person from whom discovery is sought is a participant in a foreign proceedings;' (2) the receptivity of the foreign tribunal to U.S. Court assistance; (3) whether the [§] 1782 request is an attempt to 'circumvent foreign proof gathering restrictions;' and (4) whether the documents sought are 'unduly intrusive or burdensome.'" *In re Polymer*, 2019 WL 1239778, at *5 (quoting *Intel*, 542 U.S. at 264-65).

The surviving portions of the Subpoena seek testimony and documents concerning Campuzano's job performance at UNITEC, his termination from UNITEC, and all salaries, benefits, and bonuses earned, owed, accrued, or payable to Campuzano. *See* ECF 10-1 (Ex. 1, Subpoena) at Dep. Topics Nos. 1-3, Doc. Req. Nos. 2-4. Laureate contends that the first, third, and fourth *Intel* factors militate in favor of quashing the Subpoena. For the reasons described below, this Court agrees.

The first *Intel* factor counsels against granting an § 1782 application where discovery is sought from a party to the foreign proceeding. *Intel*, 542 U.S. at 246 ("[W]hen the person from whom discovery is sought is a participant in the foreign proceeding . . . the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad."). This factor recognizes that a foreign tribunal would ordinarily be able to

11

compel requisite discovery from a party to the proceedings whereas discovery from a non-participant to the foreign proceedings may otherwise be unobtainable. *See In re Newbrook*, 498 F. Supp. 3d at 818. At the time Campuzano filed the Application, and when Laureate filed the instant Motion, Laureate was a party to the Employment Suit in which the surviving portions of the Subpoena would be used. In the intervening time period, Laureate has been dismissed from the suit. *See* ECF 11 at 2 n.2. Laureate's recent dismissal does not alter this Court's analysis, however, because Campuzano does not deny that it fundamentally seeks information from UNITEC, despite the fact that the Subpoena is formally directed at Laureate. *See In re Kreke Immobilien KG*, 2013 WL 5966916, at *5 (S.D.N.Y. Nov. 8, 2013), *abrogated on other grounds by In re del Valle Ruiz*, 939 F.3d 520 (2d Cir. 2019). Critically, Campuzano does not allege that Laureate's significance in the Employment Suit extends beyond its ownership of UNITEC, nor does he suggest that Laureate has any relevant information that is outside UNITEC's possession, custody, or control. To the contrary, Campuzano implicitly concedes that the information and evidence he seeks from Laureate is, at bottom, UNITEC's. *See* ECF 10 at 17-18 ("Laureate articulates no specific burden associated *with pulling and reviewing electronic documents of its wholly owned and controlled Mexican subsidiary . . .*") (emphasis added). Under these circumstances, the Subpoena is functionally an effort to obtain discovery from UNITEC, Campuzano's party-opponent in the Employment Suit. This Court accordingly concludes that the first *Intel* factor weighs against discovery. *See id.*; *In re Atvos Agroindustrial Investimentos S.A.*, 481 F. Supp. 3d 166, 176 (S.D.N.Y. 2020); *Kiobel v. Cravath, Swaine & Moore LLP*, 895 F.3d 238, 245 (2d Cir. 2018); *In re Postalis*, 2018 WL 6725406, at *5 (S.D.N.Y. Dec. 20, 2018).

The third *Intel* factor weighs against a § 1782(a) application "where the applicant uses the statute to attempt to circumvent foreign proof-gathering standards."[3] *In re Newbrook*, 498 F. Supp. 3d at 818 (citing *Intel*, 542 U.S. at 264-65). The Fourth Circuit has not articulated a precise test for determining whether discovery sought under § 1782 intends to circumvent foreign proof-gathering processes. *In re Polymer*, 2019 WL 1239778, at *6. This consideration, however, does not impose a foreign-discoverability requirement. *Id.* (citing *Intel*, 542 U.S. at 243; *Kulzer v. Esschem, Inc.*, 390 F. App'x 88, 92 (3d Cir. 2010) ("The court must consider whether the litigant's motives are tainted by a surreptitious effort to bypass foreign discovery rules; however, that consideration cannot serve as the sole determining factor because the statute does not reference a requirement of discoverability under the foreign country's laws."). Laureate argues that the third *Intel* factor weighs in its favor because the Subpoena is an attempt to evade the choice-of-law provision in Campuzano's employment agreement, which provides that disputes be resolved under Mexican law. ECF 10 at 16. On this point, the case of *In re Polymer*, 2019 WL 1239778, is instructive. In *In re Polymer*, a movant seeking to quash a subpoena issued under § 1782(a) similarly pointed to a valid forum selection clause as evidence that the applicant's request was an attempt "to evade foreign proof-gathering restrictions and disturb the contractually based expectations of the parties." *Id.* at * 7. The court took note of decisions in this district, which concluded that a party may seek discovery under § 1782 despite a forum selection clause. *Id* at

---

[3] Laureate argues that the second *Intel* factor, which considers the receptivity of the foreign government to United States federal courts judicial assistance, is neutral because Campuzano has not proffered evidence regarding the Mexican Court's receptivity. ECF 11 at 14. Laureate's contention is inconsistent with the law of this circuit. "Courts within the Fourth Circuit . . . have applied the general approach that, in the absence of a foreign court's clear rejection of the assistance, the § 1782 application should be granted." *In re Polymer*, 2019 WL 1239778, at *6. Finding no evidence of such a clear rejection here, this Court considers the second *Intel* factor to favor discovery.

*4. It further observed that although a forum selection clause does not categorically preclude a court from granting an § 1782 application, the Seventh Circuit has warned that the presence of such a clause may indicate potential abuses warranting denial of an § 1782 application. *Id*. at * 7 (quoting *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 595 (7th Cir. 2011)). The court accordingly treated the clause as a relevant but not dispositive factor to be analyzed in conjunction with additional considerations such as the multijurisdictional nature of the dispute, where the information sought was originated and located, and the reasonableness of the applicant's requests and willingness to reduce the scope of his initial requests. *Id.*

In contrast to *In re Polymer*, the circumstances here give rise to concerns that the Subpoena is an attempt to circumvent foreign discovery procedures. First, the Employment Suit is not fundamentally a multijurisdictional dispute, such that § 1782(a) discovery is warranted. Although Laureate is a multijurisdictional entity, which is incorporated in the United States and owns several subsidiary entities across the globe, all relevant events and entities occurred and are located in Mexico. Campuzano is a Mexican national, whose employment relationship with UNITEC, a Mexican entity, took place in Mexico. Second, unlike *In re Polymer*, there is no indication that the evidence Campuzano seeks is unavailable in Mexico. To the contrary, Laureate avers that "[a]ll employment files related to Applicant's employment would be generated and stored in Mexico." ECF 11 at 15 (citing ECF 7-2 ¶ 12 (Pereda Decl.)). Third, the Application did not appear to be narrowly tailored at the outset, nor is this Court aware of any efforts on Campuzano's part to revise or reduce the scope of its requests.[4] Finally, this Court's apprehensions are not

---

[4] Both Campuzano and Laureate accuse the other of failing to negotiate. *Compare* ECF 10 at 17 ("Moreover, Laureate does not argue that the any of the requests are overbroad, and has made no effort to confer with Mr. Campuzano in attempt to further narrow the Subpoena to lighten any 'undue burden'"); *with* ECF 11 at 16 ("Laureate informed Applicant that it could not respond to the subpoena as drafted . . . Applicant subsequently refused to negotiate the subpoena.").

assuaged by Campuzano's representations that he submitted his Application in part because he believes it will be easier to obtain the evidence under § 1782, than it would be to do so using the discovery procedures applicable to the Employment Suit. *See* ECF 1-1 at 12 ("Even in the Mexican proceeding where Laureate is a party, there was significant delay in obtaining appropriate service on Laureate, reflecting that obtaining any documents or testimony from it through discovery will be extremely burdensome or practically impossible"); *id.* at 14 ("While Mr. Campuzano has not attempted to obtain the sought-after discovery through the Mexican courts, this is not evidence that he is circumventing its rules."). After balancing several relevant considerations, this Court concludes that the third factor favors quashing the Subpoena.

Finally, *Intel* counsels that "unduly intrusive or burdensome requests may be rejected or trimmed." 542 U.S. at 265. "Requests are unduly intrusive and burdensome where they are not narrowly tailored, request confidential information and appear to be a broad 'fishing expedition' for irrelevant information." *In re Newbrook*, 498 F. Supp. 3d at 819 (quoting *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1043 (N.D. Cal. 2016)). Moreover, courts must limit the extent of discovery under Rule 26 if it determines that the information "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). Courts retain broad discretion under both § 1782 and the Federal Rules to limit unduly burdensome discovery requests. *Id.* (citing *Application of Malev Hungarian Airlines*, 964 F.2d 97, 102 (2d Cir. 1992)).

Laureate chiefly argues that the Subpoena is unduly burdensome because "all of the requested documents are either publicly available, in Applicant's possession, or available from

less burdensome sources—*i.e.*, UNITEC, who is already a party to the Mexico proceeding."[5]  ECF 7-1 at 16.  Campuzano, for his part, does not identify any information sought in the Subpoena that is not equally available through UNITEC, his adversary in the Employment Suit.  This Court agrees that Laureate should not be required to prepare a witness for deposition, or to search the files of its foreign subsidiary, where the requested discovery is available and presumably discoverable to Campuzano in the Employment Suit already instituted in Mexico.  *See In re Jud. Assistance Pursuant to 28 U.S.C. 1782 by Macquarie Bank Ltd.*, 2015 WL 3439103, at *9 (D. Nev. May 28, 2015) ("When the information sought is equally available through the foreign proceeding from a party to that proceeding, such requests targeting a different person in the United States are by their very nature unduly burdensome.").  To contest this conclusion, Campuzano argues that Laureate "undoubtedly possesses responsive documents" and would suffer no undue burden by "pulling and reviewing electronic documents of its wholly owned and controlled Mexican subsidiary."  ECF 10 at 17-18.  Campuzano's assertion misses the point.  The question is not whether Laureate likely possesses documents responsive to the Subpoena, but rather, whether the Subpoena is unduly burdensome in light of the near certainty that Campuzano may obtain identical information from his party-opponent in the Employment Suit.  *See In re Fischer Advanced Composite Components AG*, 2008 WL 5210839, at *4 (W.D. Wash. Dec. 11, 2008).  Answering this question in the affirmative, this Court finds that the fourth *Intel* factor militates against discovery.

---

[5] Laureate also contends that the Subpoena is unduly burdensome because (1) the requested information is not relevant to Campuzano's contemplated proceedings for fraudulent transfer and *dano moral*; and (2) it seeks confidential commercial information regarding Laureate's assets. ECF 7-1 at 18-19.  This Court need not consider Laureate's arguments on these points in light of its earlier conclusions that discovery requests in support of Campuzano's prospective claims or to enforce his prejudgment attachment fall outside the scope of § 1782.

After careful analysis, this Court concludes that the standards provided by the Federal Rules and the discretionary factors enumerated by the Supreme Court in *Intel* favor quashing the surviving portions of the Subpoena.  *See* ECF 10-1 (Ex. 1, Subpoena) at Dep. Topics Nos. 1-3, Doc. Req. Nos. 2-4.

## IV.  CONCLUSION

For the reasons set forth above, Laureate's Motion to Quash, ECF 7, is GRANTED.  This case will be closed.  A separate Order follows.


Dated:  February 24, 2022                                             /s/
                                                                    Stephanie A. Gallagher
                                                                    United States District Judge